**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>Defendant. | **Civil Action No.** |

<u>COMPLAINT</u>

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), file this Complaint and allege as follows:

<u>NATURE OF THE ACTION</u>

1.      This is a civil action commenced pursuant to Sections 106(a) and Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606(a) and 9607(a), to enjoin the University of Nebraska ("Defendant" or "University") to perform a remedial action to abate conditions that may pose an imminent and substantial endangerment to the public health, public welfare and the environment caused by an actual or threatened release of hazardous substances at or from the Former Nebraska Ordnance Plant Superfund Site ("NOP" or the "Site") located in Mead, Saunders County, Nebraska, and to recover response costs from the Defendant that the United States has incurred and will incur in

responding to the actual and threatened releases at or from the Site.

2.     The United States also seeks a judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that Defendant is liable for future response costs that the United States and the State shall incur as a result of releases or threatened releases of hazardous substances from the NOP Site.

JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

4.     Venue is proper in the District of Nebraska pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the releases or threatened releases of hazardous substances that give rise to the United States' claims occurred in this District and the University is located in this District.

THE PARTIES

5.     The United States is acting on behalf of EPA.  The Attorney General is authorized to institute this suit and to appear on behalf of the EPA.

6.     Defendant University of Nebraska, and its Agricultural Research and Development Center, located in Saunders County, is a political subdivision of the State of Nebraska.

FACTUAL BACKGROUND

7.     The Former Nebraska Ordnance Plant Superfund Site is located between Omaha and Lincoln, near the town of Mead, in Saunders County, Nebraska.  The Site, situated on approximately 17,250 acres, was operated by the Army as a "load and pack" facility for bombs

2

and other ordnance during World War II and the Korean War.  This activity was focused at four "load lines," housed in large, elongated structures ("Load Lines 1 – 4").

8.    Following WWII, the Site was used largely for explosives and other storage until it was reactivated in 1951, in support of the Korean War.  The NOP was placed on standby status in 1956.  In 1959, the Army granted the Air Force permission to construct an Atlas Missile facility on the property and the property was developed and used by the Air Force as a storage and launch facility for the Atlas Missile, until the Atlas Missile program was abandoned and the site closed down in 1964.  Activities related to the Atlas Missile program, and some connected to the Nike Missile program, were concentrated in the areas of Load Lines 1 and 4.

9.    Following the abandonment of the missile facility, the United States sold the property as surplus in a series of transactions during the 1960s.  Most of the property was sold or granted to the University of Nebraska under a federal grants program.  Approximately 9,626 acres of the former military facility came to comprise the University of Nebraska's Agricultural Research and Development Center ("ARDC").  The ARDC is a major R&D facility for the University, consisting of nearly 5,000 acres of crops and housing several thousand livestock. The remainder of the Site is held by a number of private landowners and a small parcel continues to be owned by DOD and is used by the Nebraska National Guard.

10.    The ARDC has been engaged in crop, livestock, and energy research on the property since the 1960s.  The University used a part of the property as a landfill for the disposal of various wastes, including low-level radioactive wastes and solvents such as 1,4-dioxane, toluene, and xylene.  The University also used a portion of the property as a Pesticide Rinsate Area for cleaning equipment contaminated with various pesticides, and buried wastes in several

3

trenches on the property.  Most of these waste disposal activities occurred during the 1970s and 1980s.

11.     Site investigations undertaken in the 1980s and 1990s by the University, the Army Corps of Engineers ("ACE"), and EPA, including soil-gas analysis and groundwater monitoring, revealed the presence of trichloroethylene ("TCE") in soil-gas and groundwater and contamination from explosives, primarily, Cyclonite ("RDX"), 2,4,6-Trinitrotoluene ("TNT"), and 1,3,5-Trinitrobenzene ("TNB") in soils and groundwater.  Additionally, low-level radioactive wastes, pesticides, and solvents, including 1,4-dioxane, xylene, and toluene were identified in soils and/or groundwater in areas of the Site associated with ARDC activities.

12.     The Site was listed on the National Priorities List ("NPL") in 1990, primarily because explosives and solvents associated with the bomb-packing and missile operations, respectively, had caused widespread groundwater contamination.  The NPL, established pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and 40 C.F.R. Part 300, lists sites throughout the United States that, because of releases or threatened releases of hazardous substances, pose a significant threat to human health and the environment.

13.     The Site was divided into operable units based on the sources of contamination. Contaminant sources associated with the ARDC have been denominated "Operable Unit 5" ("OU 5") and include the ARDC landfill, Pesticide Rinsate Area, several discrete disposal areas and trenches, and the area around ARDC's Sewage Treatment Plant.

14.     On September 28, 2013, U.S. EPA selected a remedy for OU 5 that is intended to address remaining contamination at the Site associated with the University's activities and is embodied in a Record of Decision ("ROD").  The selected response actions include in-situ

4

chemical oxidation and long-term monitoring of 1,4-dioxane in groundwater in the area of Load Line 1.  For the ARDC landfill, the remedy calls for installation of a landfill cap, gas monitoring, and long-term groundwater monitoring, as well as fulfillment of the closure and post-closure requirements of Nebraska law.

GENERAL ALLEGATIONS

15.     The sections of the Site comprising OU 5 are "facilities" within the meaning of 42 U.S.C. § 9601(9).

16.     A "release" or "threatened release" of "hazardous substances" into the Environment, as those terms are defined in Sections 101(14) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(14) and 9601(22),  has occurred from the ARDC landfill, Pesticide Rinsate Area, and the several burial trenches and disposal areas comprising OU 5,.

17.     As a result of the releases or threatened releases of hazardous substances into the environment at and from OU 5, the United States has incurred response costs, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

18.     The United States is continuing to incur response costs in connection with the releases and threatened releases of hazardous substances from OU 5, including expenses in overseeing response actions.  The response actions taken and the response costs incurred by the United States in connection with OU 5 were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

## FIRST CLAIM FOR RELIEF

(Performance of Response Actions Under CERCLA Section 106)

19.     The allegations contained in paragraphs 1 - 18 are realleged and incorporated herein by reference.

20.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require.

21.     The President's authority under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), has been delegated to the Administrator of the U.S. EPA.

22.     U.S. EPA has determined that the releases and threatened releases of hazardous substances at OU 5 may present an imminent and substantial endangerment to the public health or welfare or to the environment.

23.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate the danger or threat at the Site.

24.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the University is liable to implement the response actions selected by U.S. EPA for the Site as set forth in the September 28, 2013, ROD, to abate conditions at OU 5 that may pose  an imminent and substantial endangerment to public health or welfare or the environment.

## SECOND CLAIM FOR RELIEF

(Reimbursement of Costs under CERCLA Section 107; Declaratory Judgment under
CERCLA Section 113(g)(2))

25.     The allegations contained in paragraphs 1 - 18 are realleged and incorporated

herein by reference.

26.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

(a) Notwithstanding any other provision or rule of law, and subject only to the
defenses set forth in subsection (b) of this section --

(1) the owner and operator of a vessel or facility,
(2) any person who at the time of disposal of any hazardous
substance owned or operated any facility at which such hazardous
substances were disposed of, . . . from which there is a release, or
a threatened release which causes the incurrence of response costs,
of a hazardous substance, shall be liable for—

(A) all costs of removal or remedial action incurred
by the United States Government . . . not
inconsistent with the national contingency plan. . . .
The amounts recoverable in an action under this
section shall include interest on the amounts
recoverable under subparagraphs (A) through (D).

27.     CERCLA Section 113(g)(2), 42 U.S.C. 9613(g)(2), provides in pertinent part:

In any . . . action [for recovery of costs] . . . , the court shall enter a declaratory
judgment on liability for response costs or damages that will be binding on any
subsequent action or actions to recover further response costs or damages.

28.     There have been, and continue to be, releases and threatened releases of

hazardous substances from portions of OU 5 owned and operated by Defendant University of

Nebraska.

29.     As the owners and operators of the ARDC and those portions of the Site

7

comprising OU 5, Defendant University of Nebraska is within the class of persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), with respect to the Site.

30.     The actions taken by the United States in connection with the OU 5 constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in connection with which the United States has incurred and will continue to incur costs.

31.     Pursuant to CERCLA Sections 107(a)(1) and 113(g)(2), 42 U.S.C. § 9607(a)(1), and 9613(g)(2), the University of Nebraska is jointly and severally liable for all unreimbursed past response costs incurred by the United States in connection with responses to releases or threatened releases of hazardous substances at OU 5, and all future response costs to be incurred by the United States in connection with responses to releases or threatened releases of hazardous substances at OU 5, including but not limited to costs of investigation, remedial action, removal action, oversight and enforcement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

a.     Order Defendant University of Nebraska to perform the response actions selected for OU 5 in U.S. EPA's Record of Decision dated September 28, 2013;

b.     Enter judgment against Defendant University of Nebraska for all unreimbursed past costs incurred by the United States in connection with OU 5;

c.     Enter a declaratory judgment against Defendant University of Nebraska, pursuant to CERCLA Section 113(g)(2), finding Defendant liable for future response costs that will be binding on any subsequent action or actions by the United States to recover further costs incurred

8

by the United States in responding to releases and/or threatened releases of hazardous substances

at the Site; and

        d.      Grant such other and further relief as this Court deems to be just and proper.

                          Respectfully submitted,

                          FOR THE UNITED STATES OF AMERICA:

                          SAM HIRSCH
                          Acting Assistant Attorney General
                          Environment and Natural Resources Division
                          U.S. Department of Justice

                          //s// Frederick S. Phillips
                          FREDERICK S. PHILLIPS,  D.C. Bar # 433729
                          Senior Attorney
                          Environmental Enforcement Section
                          Environment and Natural Resources Division
                          U.S. Department of Justice
                          P.O. Box 7611, Ben Franklin Station
                          Washington, D.C. 20044-7611
                          Tel.: (202) 305-0439
                          Fax: (202) 616-2427
                          frederick.phillips@usdoj.gov

                          DEBORAH R. GILG
                          United States Attorney

                          //s// Laurie A Kelly
                          LAURIE A. KELLY
                          Assistant United States Attorney,
                          Mass. Bar No. 557575
                          District of Nebraska
                          1620 Dodge Street, Suite 1400
                          Omaha, NE  68102-1506
                          (402) 661-3700
                          Laurie.kelly@usdoj.gov

OF COUNSEL:
JAMES STEVENS
Attorney, Office of Regional Counsel
U.S. Environmental Protection Agency, Region 7
11201 Renner Boulevard
Lenexa, KS 66219